JOHNSTONE, Justice.
This defendant was tried and convicted on two indictments for unlawful distribution of a controlled substance, specifically cocaine. The Court of Criminal Appeals, on November 20, 1998, affirmed his convictions, without opinion. Nettles v. State (CR-97-1808), 744 So.2d 962 (Ala.Crim.App.1998) (table). This Court granted his petition for writ of certiorari for the pur *1216 pose of examining one particular contention.
The two cases were tried together. On the authority of § 12-21-300, Ala.Code 1975, the State proved that each item sold by the defendant to the police was cocaine by introducing the toxicologist’s certifícate of analysis, over the defendant’s objection. The particular ground of objection pertinent to this writ of certiorari was that the State introduced no evidence that the specimens described by the certificates of analysis were the same items the State introduced into evidence as having been sold by the defendant to the police. In other words, the defendant objected that the State introduced no evidence that Exhibit 4 and Exhibit 7 (the certificates) describe respective analyses of Exhibit 1 and Exhibit 6 (the items alleged in the indictments to have been sold by the defendant) as distinguished from items unrelated to these indictments but entrusted to the toxicologist for analysis.
The issue before us is not chain of custody. The record contains an abundance of evidence that the items received for analysis by the toxicologist and later introduced into evidence by the State were, in fact, the items sold by the defendant as alleged in the indictment. The issue is simply whether the certificates pertain to the right specimens.
We have examined the transcript, the evidence pouches containing the sold items, and the certificates of analysis describing the specimens. The certificates are properly matched to the sold items. Specifically, the physical descriptions recited by the certificates of analysis accurately describe the physical characteristics of the evidence contained in the plastic evidence pouches, and the certificates of analysis recite the same respective identification numbers which appear on the respective plastic evidence pouches. Moreover, in each instance, the toxicologist stapled a copy of the certificate of analysis to the evidence pouch containing the material purportedly described (physically and chemically) by the certificate.
While this evidence matching the certificates to the specimens is a form of hearsay, it is implicitly admissible under § 12-21-300. Otherwise, the statute would serve no function. This opinion addresses no challenge to § 12-21-300.
Because each certificate of analysis is properly matched, of record, to the specimen it purports to describe, the trial court correctly overruled the objection asserting the contrary.
AFFIRMED.
HOOPER, C.J., and HOUSTON, COOK, and LYONS, JJ., concur.
MADDOX and SEE, JJ., concur in the result.
BROWN, J., recuses herself.